UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:11CR086-1 |
| Plaintiff, | : | Judge Timothy S. Black |
| v. | : | |
| FRANK HARMON, JR., | : | |
| Defendant. | : | |

## PRELIMINARY ORDER OF FORFEITURE
## OF DEFENDANT FRANK HARMON, JR.'S ASSETS

Upon the Motion of the United States for a Preliminary Order of Forfeiture, and the Court's review of the evidence in the record, including the Plea Agreement (Doc. 40), the Court HEREBY FINDS THAT:

1. The Defendant plead guilty to Count One of the Superseding Information charging the Defendant with Transmitting a Threat in Interstate Commerce in violation of 18 U.S.C. § 875(c) and agreed to the immediate forfeiture pursuant to 18 U.S.C. §924(d)(1) and 28 U.S.C. §2461(c), of his interest in:

   a. all firearms or ammunition, involved in or used in the offense alleged in Count One of the Information.

2. The Defendant specifically agreed that the following property (hereinafter "Subject Property") was subject to forfeiture pursuant to 18 U.S.C. §924(d)(1) and 28 U.S.C. §2461(c):

   a) Kel-Tec CNC Inc. .380-caliber automatic pistol bearing serial number 002410;
   b) Black/silver rifle carry case (no brand) containing one scope 1x32 with no brand, one "Sight Mark" #48929 with mount, and one round gun piece;
   c) 7.62x39mm rifle, Manufacturer SN Romarm SA, bearing serial number S1-26525-2000;
   d) One magazine containing 7.62x39 mm ammunition and one loose round of

7.62x39 mm ammunition (previously loaded and chambered in the above rifle);
- e) Black plastic case containing 13 boxes of Wolf 7.62x39 mm ammunition, each box containing approximately 20 rounds;
- f) One clear plastic round container with a red lid containing 17 clips, each with 10 cartridges of 7.62x39 mm ammunition, and 102 loose rounds of 7.62x39 mm ammunition;
- g) Magazine with approximately 6 rounds of .380-caliber automatic ammunition;
- h) Clear plastic box with 50 rounds of .380-caliber ammunition;
- i) Three magazines containing 7.62x39 mm ammunition;
- j) One round of .380-caliber ammunition;
- k) One round of 7.62x39 mm ammunition;
- l) One round of .380-caliber ammunition;
- m) Ten rounds of .380-caliber ammunition;
- n) 40 rounds of .380-caliber PMC ammunition;
- o) 8 rounds of 7.62x39 mm Wolf ammunition; and
- p) Kel-Tec magazine.

3. The Defendant has an interest in the Subject Property.

4. The Subject Property is forfeitable, pursuant to 18 U.S.C. §924(d)(1) and

28 U.S.C. §2461(c) as a firearm or ammunition involved in the Defendant's offense.

5. The United States has established the requisite nexus between the Subject Property

and the Defendant's offense.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Defendant shall hereby forfeit pursuant to 18 U.S.C. §924(d)(1) and

28 U.S.C. §2461(c) all firearms or ammunition involved in or used in the Defendant's offense.

2. The Defendant shall hereby forfeit pursuant to 18 U.S.C. §924(d)(1) and

28 U.S.C. §2461(c), the following Subject Property:

- a) Kel-Tec CNC Inc. .380-caliber automatic pistol bearing serial number 002410;
- b) Black/silver rifle carry case (no brand) containing one scope 1x32 with no brand, one "Sight Mark" #48929 with mount, and one round gun piece;
- c) 7.62x39mm rifle, Manufacturer SN Romarm SA, bearing serial number S1-26525-2000;
- d) One magazine containing 7.62x39 mm ammunition and one loose round of

7.62x39 mm ammunition (previously loaded and chambered in the above rifle);
- e) Black plastic case containing 13 boxes of Wolf 7.62x39 mm ammunition, each box containing approximately 20 rounds;
- f) One clear plastic round container with a red lid containing 17 clips, each with 10 cartridges of 7.62x39 mm ammunition, and 102 loose rounds of 7.62x39 mm ammunition;
- g) Magazine with approximately 6 rounds of .380-caliber automatic ammunition;
- h) Clear plastic box with 50 rounds of .380-caliber ammunition;
- i) Three magazines containing 7.62x39 mm ammunition;
- j) One round of .380-caliber ammunition;
- k) One round of 7.62x39 mm ammunition;
- l) One round of .380-caliber ammunition;
- m) Ten rounds of .380-caliber ammunition;
- n) 40 rounds of .380-caliber PMC ammunition;
- o) 8 rounds of 7.62x39 mm Wolf ammunition; and
- p) Kel-Tec magazine.

3. The Defendant having agreed to the immediate forfeiture of the Subject Property, this Preliminary Order of Forfeiture is final as to the Defendant and shall be made part of the sentence and included in the judgment. This order remains preliminary as to third parties until the ancillary proceeding is concluded.

4. The United States is authorized to seize the Subject Property, whether held by the defendant or a third party; conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture; and to commence proceedings that comply with any statutes and federal rules governing third party rights, in accordance with Fed. R. Crim. P. 32.2 (b)(3).

5. In accordance with the direction provided by the Attorney General and Federal Rule of Criminal Procedure 32.2 (b)(6), the United States shall publish notice of this Preliminary Order of Forfeiture and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G (4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by

any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(I) applies.

6. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure.

7. Any person, other than the Defendant, filing a petition to contest the forfeiture of specific property, must sign the petition under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

8. If a third party files a petition asserting and interest in the Subject Property, the court will conduct an ancillary proceeding.

9. When the ancillary proceeding ends, the court will enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, this Preliminary Order of Forfeiture will become the Final Order of Forfeiture.

10. The United States shall have clear title to the Subject Property following the court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this order; and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED:

Dated: 10/21/11

*Timothy S. Black*
TIMOTHY S. BLACK
UNITED STATES DISTRICT JUDGE